# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO WOOTEN, | CASE NO. 1:07-cv-0393-LJO-DLB PC |
|     Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
|   v. | |
| GRIPP, et al., | |
|     Defendants. | |

A.    Procedural History

Plaintiff is a former state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 filed on March 12, 2007.

B.    Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a

1

short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      C.    Plaintiff's Claims

The events at issue in this action allegedly occurred at High Desert State Prison, where plaintiff was housed at the time. Plaintiff names Officers Gripp, Wheeler and Williams and Warden Wright as defendants. Plaintiff is seeking money damages. Plaintiff alleges that defendants excluded him from participating in a vocational assignment due to a mental disability and depression in violation of his constitutional rights.

      1.    Due Process Claim

Plaintiff alleges defendants violated his right to due process. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.)  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).   Although plaintiff alleges that defendants violated his due process rights by interfering with his access to his vocational assignment, plaintiff does not have a protected liberty interest in his vocational assignment. Sandin, 515 U.S. at 484; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir. 1985).  Because plaintiff does not have a protected liberty interest in his vocational assignment, plaintiff may not pursue a claim for relief based on denial of due process arising from defendants' interference with his access to his assignment.

       2.      American with Disabilities Act

Plaintiff also alleges that defendants' actions in excluding him from a work assignment violated his rights under the Americans with Disabilities Act.  Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir.

3

2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

"'Title II of the ADA prohibits discrimination in programs of a public entity or discrimination by any such entity.'" Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)). "The ADA defines 'public entity' in relevant part as 'any State or local government' or 'any department, agency, special purpose district, or other instrumentality of a State or States or local government.'" Roundtree, 2005 WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)). Public entity, "'as it is defined within the statute, does not include individuals.'" Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

Based on the above, individual liability is precluded under Title II of the Americans with Disabilities Act, and plaintiff may not pursue his ADA claim against the individual defendants named in the complaint.

C.   Conclusion

Plaintiff's complaint does not state a cognizable due process ADA claim. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

1    In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local
2 Rule 15-220 requires that an amended complaint be complete in itself without reference to any
3 prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See
4 Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the
5 original pleading no longer serves any function in the case.  Therefore, in an amended complaint,
6 as in an original complaint, each claim and the involvement of each defendant must be
7 sufficiently alleged.

8    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
9 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
10 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how
11 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
12 is some affirmative link or connection between a defendant's actions and the claimed
13 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
14 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15    Further, liability may not be imposed on supervisory personnel such as the warden for the
16 actions of their employees under a theory of respondeat superior.  When the named defendant
17 holds a supervisorial position, the causal link between the defendant and the claimed
18 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
19 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
20 941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must
21 allege some facts indicating that the defendant either: personally participated in the alleged
22 deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or
23 promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of
24 constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black,
25 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040,
26 1045 (9th Cir. 1989).

27    Based on the foregoing, it is HEREBY ORDERED that:
28    1.    The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must file an amended complaint curing the deficiencies identified by the court in this order; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:  **October 22, 2007**                    **/s/ Dennis L. Beck**
                                               UNITED STATES MAGISTRATE JUDGE